IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marsha Robinson O/B/O A.D., | C/A No. 4:18-cv-2575-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Andrew Saul, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claim[1] for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On October 22, 2019, Magistrate Judge Thomas E. Rogers, III, issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 20. On November 4, 2019, Plaintiff filed Objections to the Report, and the Commissioner filed a Reply on November 18, 2019. ECF Nos. 22, 24. For the reasons stated below, the Court adopts the Report and incorporates it herein by reference.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the

---

[1] Plaintiff filed the application on behalf of her minor child, A.D. "Plaintiff" is used interchangeably, referring to both the minor child and his mother.

1

Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard. *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

On May 6, 2014, Plaintiff filed an application for SSI, alleging a disability onset date of June 28, 2012. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held

2

on November 16, 2016. The ALJ denied Plaintiff's application in a decision issued August 22, 2017. The Appeals Council denied Plaintiff's request for review, making the determination of the ALJ the final decision of the Commissioner.

## **DISCUSSION**

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects, claiming the Magistrate Judge erred in finding that substantial evidence supports the ALJ's finding that Plaintiff had less than marked limitations in the domains of (1) Attending and Completing Tasks and (2) Interacting and Relating with Others. For the reasons detailed below, the Court agrees with the Magistrate Judge and adopts the Report.

### I. Attending and Completing Tasks

The Magistrate Judge found that the "ALJ cited and relied on substantial evidence that supports the ALJ's findings that Plaintiff had less than marked limitations in the domain of Attending and Completing Tasks." ECF No. 20 at 27. Plaintiff contends that the Magistrate Judge erred because the "only evidence" the ALJ cites is the teacher questionnaire from Ms. Christine Brown, which Plaintiff claims supports a "marked" limitation in this domain.

While Ms. Brown's questionnaire is indeed significant evidence that Plaintiff has a "marked" limitation in Attending and Completing Tasks, there is contrary evidence in the record. For example, two state agency consultants—a pediatrician and a psychologist—

3

opined that Plaintiff had no limitation in Attending and Completing Tasks.[2] See Tr. 95–96. The ALJ justifiably afforded little weight to these opinions, "as the record demonstrates [Plaintiff's] abilities are more limited." Tr. 21. Between the extremes of Ms. Brown's questionnaire and the state agency consultants is a variety of evidence that supports a "less than marked determination," such as Plaintiff's increase in attention to task abilities, behavioral hand skills, ability to throw and catch a playground ball, and cooperation with personal hygiene and grooming. Under the substantial evidence standard of review, the Court is constrained to affirm the ALJ's decision, though the Court notes that this presents a very close case.

## II. Interacting and Relating with Others

The Magistrate Judge also found that the "ALJ cited and relied on substantial evidence that supports the ALJ's findings that Plaintiff had less than marked limitations in the domain of Interacting and Relating with Others." ECF No. 20 at 25. Plaintiff contends that the Magistrate Judge erred in failing to find that all evidence in the record demonstrates that Plaintiff cannot interact and socialize with other children, understand simple rules, and initiate and participate in conversations.

Again, there is significant evidence that Plaintiff has "marked" limitations in Interacting and Relating with Others. However, there is also evidence to the contrary, such as Plaintiff's close relationship with his cousins and parents, desire to play with his family members, ease with which he interacted with his therapist, intelligible speech, mild language delay, and good performance in school where he was able to interact well with

---

[2] The state agency consultants also opined that Plaintiff had no limitation in Interacting and Relating with Others. Tr. 21. The ALJ afforded these opinions little weight. *Id.*

4

his peers. While this Court may have reached a different conclusion if it was reviewing the record *de novo*, the Court is constrained to affirm the ALJ's decision under the deferential substantial evidence standard of review.

## **CONCLUSION**

For the reasons set forth above, the Court **ADOPTS** the Report and **AFFIRMS** the decision of the Commissioner.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 30, 2020
Spartanburg, South Carolina